STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
OWEN HUGHES, PLAINTIFF IN ERROR.

Submitted February 12, 1932—Decided May 16, 1932.

For the state, *Sylvester C. Smith, Jr.,* prosecutor of the pleas.

For the plaintiff in error, *Egbert Rosecrans* and *Clark C. Bowers.*

PER CURIAM.

Owen Hughes, the defendant below, was indicted for incest with his daughter, a girl eighteen years of age, by the grand jury of the county of Warren at the December term, 1926. The indictment contained two counts, the first charging carnal knowledge on the first day of June, 1926, and the second charging infamous proposal on the tenth day of December, 1925, under section 46 of the Crimes act, an act for the punishment of crimes (Revision of 1898). 2 *Comp. Stat., p.* 1743. The trial jury brought in a verdict of guilty as charged in the indictment. The case comes up on strict writ of error and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

The brief presented to us on behalf of the defendant below sets forth eight points, the first of which is that the court erred in charging the jury as follows:

"I might say to you in the beginning in order to make clear to you in reference to the date alleged in the indictment of the commission of the offense, the state is not bound to prove that particular day, if you are satisfied from the evidence brought before you that the crime was committed at any time within two years prior to the date alleged they have accepted the burden passed upon them."

The error alleged to inhere in the charge is that the instruction permitted the jury to bring in a verdict of guilty under the indictment if they were satisfied from the evidence that the crime charged was committed at any time within two years prior to the date alleged in the indictment, namely, at any date subsequent to June 1st, 1924, as to carnal knowledge and on any date subsequent to December 10th, 1923, as to infamous proposal. Section 152 of "An act relating to courts having criminal jurisdiction and regulating proceedings in criminal cases (Revision of 1898;" 2 *Comp. Stat., p.* 1820), provides that "no person * * * shall be prosecuted, tried or punished for any offense not punishable with death unless the indictment shall be found within two years from the time of committing the offense or incurring the fine or forfeiture," with certain exceptions not pertinent to the matter before us. Clearly the charge was erroneous. Whether harmfully so depends upon the case presented.

The evidence was lacking in precision. The complaining witness testified that the defendant had made five attacks upon her. As to the first attack she testified: "*Q.* And that was in December? *A.* I do not know. *Q.* 1924? *A.* I do not know whether it was 1924 or 1925. *Q.* When did this happen? *A.* I told you it wasn't in the winter time. *Q.* Was it in the summer time? *A.* There wasn't any snow on the ground. I do not know what time it was. *Q.* Was it in the spring? *A.* I could not say. *Q.* Was it in the fall? *A.* I could not say. *Q.* No snow on the ground? *A.* No, sir."

As to the second attack there is this testimony: "*Q.* What date was it? *A.* I do not know when it happened, it was in the summer time. *Q.* What year was that? *A.* I do not know whether it was in 1924 or 1925."

As to the third attack the complaining witness was asked and gave answer as follows: "*Q.* When was that and what year? *A.* In the summer time of 1924 or 1925."

Thus the testimony of the complaining witness as to these three incidents inclines as much toward a period debarred by the statute of limitations as toward a subsequent period. The

complaining witness testifies to a distinct recollection that the fourth assault was about June 1st, 1926, and that this assault resulted in pregnancy. A child was born to her on April 1st, 1927, which, however, is ten calendar months after the date thus assigned to the causative act. It does not appear when the alleged fifth assault was made. With the case in this posture we are unable to say that the jury may not have based its finding, as according to the charge it was entitled to do, on the proof of an act, prosecution for which was barred by the statute of limitations. Consequently, the error contained in the charge may have been harmful.

We have examined the remaining points and find no error therein.

Judgment will be reversed for the reason given above.

*For affirmance*—BODINE, WELLS, KERNEY, JJ. 3.

*For reversal*—PARKER, CAMPBELL, CASE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 8.